USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/01/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
       :
CHAYA KEARSE, et al.,       :
       :
             Plaintiffs,       :       17-CV-9982 (JMF)
       :
             -v-       :       MEMORANDUM OPINION
       :       AND ORDER
CITY OF NEW YORK,       :
       :
             Defendant.       :
       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this case, fifteen current or former employees of the New York City Department of Homeless Services ("DHS") allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Docket No. 20 ("SAC"), ¶¶ 6-7). In particular, they bring claims against the City for failure to pay overtime compensation; failure to correctly calculate their pay rates; failure to pay overtime in a timely manner; and failure to pay overtime at the required rate. (*Id.* ¶¶ 31-43). The City now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss certain claims of certain Plaintiffs. (Docket No. 21). Specifically, the City seeks to dismiss Count II (failure to properly calculate the regular rate of pay) as to Plaintiff Patricia Gordon; Count III (failure to timely pay overtime compensation) as to Plaintiffs Colin Chang, Virginia Cruz, Gordon, Tabatha Heckstall, Adrian Straker, and Maxine Wilson ("M. Wilson");[1] and Count IV (failure to pay time-and-a-half for overtime) as to Plaintiffs Chang,

---

[1] At points in its opening memorandum, the City purports to seek dismissal of Count III as to Evadne Wilson ("E. Wilson"), not M. Wilson. (*See, e.g.*, City Mem. 1, 3, 11). In its reply memorandum, however, the City refers in its discussion with respect to Count III to M. Wilson. (Docket No. 29 ("City Reply"), at 6). Given the reply — not to mention the fact that Exhibit B

Janice Chase, Dianne Clarke, Cruz, Joyce Fields, Heckstall, Janette Nyack, Straker, E. Wilson, and M. Wilson. (Docket No. 22 ("City Mem."), at 1; City Reply 7).

In evaluating the City's motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in Plaintiffs' favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In the case of an overtime claim under the FLSA, for example, that means that a plaintiff must "allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). More broadly, "a complaint alleging FLSA violations must contain at least some factual content to survive a motion to dismiss." *Campbell v. City of N.Y.*, No. 16-CV-8719 (AJN), 2017 WL 3206332, at *3 (S.D.N.Y. July 25, 2017). Indeed, a "bare-bones" complaint is insufficient to state such a claim. *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 90 (2d Cir. 2013).

Applying those standards here, the claims and Plaintiffs at issue fall short for a simple reason: The Second Amended Complaint includes zero allegations to support them. In fact, with

---

to the Second Amended Complaint contains allegations with respect to Count III as to E. Wilson, but not as to M. Wilson (SAC, Ex. B, at 13-14) — the Court assumes that the references to E. Wilson in the opening memorandum were in error and deems the motion with respect to Count III to be made as to M. Wilson.

one exception, Plaintiffs themselves concede as much. (*See* SAC ¶¶ 25, 30).[2] At most, Plaintiffs allege plausible claims as to the *other* Plaintiffs and allege in conclusory fashion that *all* Plaintiffs "are subject to the same schedule, practices, and procedures from which those violations systematically result." (Docket No. 28 ("Pls.' Opp'n"), at 9). But Plaintiffs cite no authority for the proposition that, where claims are brought on behalf of multiple plaintiffs, it suffices to allege plausible claims as to some plaintiffs and, as to the other plaintiffs, merely to allege "me too" in conclusory fashion. As other judges in this district have held in similar circumstances, *Iqbal*, *Twombly*, and *Lundy* require more. *See, e.g.*, *Lawtone-Bowles v. City of N.Y.*, No. 16-CV-4240 (AJN), 2017 WL 4250513, at *2, *6-7 (S.D.N.Y. Sept. 22, 2017) (dismissing similar claims as to a subset of the plaintiffs in a multi-plaintiff case for similar reasons); *Murray v. City of N.Y.*, No. 16-CV-8072 (PKC), 2017 WL 3531552, at *2-4 (S.D.N.Y. Aug. 16, 2017) (same); *Campbell*, 2017 WL 3206332, at *3-6 (same).

Plaintiffs' remaining arguments are even less convincing. First, Plaintiffs quote *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (per curiam), for the proposition that plaintiffs in an FLSA case "do not opt-in or consent to join an action as to specific claims, but as to the action as a whole." (Pls.' Opp'n 4-5). But *Prickett* is neither binding nor apt, as it did not concern the pleading standards for FLSA claims. Instead, the question in *Prickett* was whether opt-in plaintiffs had to submit new consent forms "in order to be considered as plaintiffs in regard to any FLSA claim which was not in the complaint as it stood at the time they originally

---

[2]    The one exception is Gordon — Plaintiffs do not cite her in their concessions. But neither the Second Amended Complaint nor the schedule of "specific, but not exhaustive, examples" of the City's alleged violations attached as Exhibit B to the Second Amended Complaint (*see* SAC ¶ 16; *see also id.* ¶¶ 20, 24, 29) contains any allegations in support of the claims at issue brought on behalf of Gordon.

joined." 349 F.3d at 1296-97. Second, Plaintiffs suggest that the City proposes an "unrealistically stringent pleading standard" that would undermine the "remedial nature" of the FLSA. (Pls.' Opp'n at 13 (internal quotation marks omitted)). But the "remedial nature" of the FLSA does not relieve a plaintiff of the burden to allege a plausible claim (and certainly does not justify allowing a claim to proceed where it is supported by *zero* allegations). And judging from the sheer volume of FLSA claims that are pursued in this Court, the pleading standards fall far short of posing an "impossible hurdle for typical FLSA plaintiffs." (*Id.* at 13). Finally, Plaintiffs complain that "[g]ranting partial, piecemeal dismissal of certain plaintiffs from certain claims has absolutely no benefit from a case management or issue-narrowing standpoint." (*Id.* at 7). There may be some truth to that complaint, but it does not provide a basis to allow claims that are insufficiently pleaded to proceed. Moreover, the blame for any inefficiencies arguably lies more with Plaintiffs than Defendants. If they wanted to avoid this motion practice, all they needed to do was limit their claims in the first instance to those for which they had factual support or, upon seeing the City's motion, consented to dismissal of the claims at issue.

In short, the City's Motion is GRANTED in its entirety, and the following Counts are hereby DISMISSED: Count II as to Plaintiff Gordon; Count III as to Plaintiffs Chang, Cruz, Gordon, Heckstall, Straker, and M. Wilson; and Count IV as to Plaintiffs Chang, Chase, Clarke, Cruz, Fields, Heckstall, Nyack, Straker, E. Wilson, and M. Wilson.[3]

---

[3] Plaintiffs request "that any dismissal . . . be made without prejudice to future amendment, as concrete proof of individual damages becomes available through discovery." (Pls.' Opp'n 3). That request is granted. That is not to say that the Court grants Plaintiffs *carte blanche* to amend their complaint at any point during this litigation; it is merely to say that the dismissal is without prejudice to a future application for leave to amend. The Court will consider any such application if or when it is made.

The initial pretrial conference scheduled for May 8, 2018, remains in effect. The parties are reminded that, per the Notice of Initial Pretrial Conference (Docket No. 10), they are required to submit a joint letter and proposed Case Management Plan and Scheduling Order by this Thursday. The Clerk of Court is directed to terminate Docket Number 21.

    SO ORDERED.

Date: May 1, 2018
       New York, New York

JESSE M. FURMAN
United States District Judge